## Case No. 13,447.

### In re STILLWELL.

[2 N. B. R. 526 (Quarto, 164).] 1

District Court, N. D. New York. 1869.

BANKRUPTCY—APPOINTMENT OF TRUSTEE.

It is a substantial objection to the approval of a resolution of creditors, under section 43 of the act, appointing a trustee and committee to supervise his action, that the committee is composed of only two, of which one is the trustee.

[Cited in brief in Re Cooke, Case No. 3,169. Cited in Re Zinn, Case No. 18,216.]

In this case, at the first meeting of creditors, all the creditors were represented except two, who held less than three hundred dollars of claims. The creditors represented adopted a resolution in favor of winding up the estate by a trustee, and one Smith Stillwell, the father of the bankrupt, was nominated trustee, and he and one W. J. Averill, were nominated a committee to supervise and direct the trustee under the provisions of section forty-three. These proceedings were certified to the judge by the register, and the court (HALL, District

1 [Reprinted by permission.]

Judge) refused to confirm the resolution, and made the following order:

"A resolution of the creditors of the said William Stillwell, that it is for the interest of the general body of the creditors of the bankrupt that his estate should be wound up and settled, and distribution made among the creditors by a trustee, having been forwarded by the register to the judge of this court for approval, and the same having been examined and considered: It is ordered, that the same be not confirmed, and the same is hereby disapproved for the reasons: First. That from the petition in this case it is probable that Smith Stillwell, the proposed trustee, is an accommodation endorser, and relative of the bankrupt. Second. That from the same petition it appears to be probable that William J. Averill, who, with said Smith Stillwell, it is proposed shall constitute the committee to advise said Smith Stillwell as such trustee, if a creditor of said bankrupt for the sums set opposite his name, has become such creditor by the purchase of demands against said estate. Third. Because said Smith Stillwell is improperly named as one of the two members of the committee, under whose inspection and direction it is proposed such trustee shall act, it being clearly improper that the committee should be thus constituted. Fourth. Because, in the opinion of the judge, the interests of the great body of the creditors will not be promoted thereby. And it is further ordered that the bankruptcy and the proceedings in this case be resumed, as though such resolution had not been passed, and that the clerk transmit a certified copy of this order to the register."

Subsequently, application was made to the court to have this order vacated, and affidavits were filed showing that Averill had become a creditor by purchase of claims from creditors named in the bankrupt's schedules, and that Smith Stillwell was a bona fide creditor, having taken up a note of one thousand eight hundred dollars, upon which he was endorser, and several affidavits that such an arrangement would be to the benefit of all the creditors. HALL, District Judge, however, refused to vacate the order, because, as he said, "There is in substance no committee to supervise the action of the trustee. The trustee's own action would entirely neutralize the opposition of the other member of the committee, to any intended act of the trustee; and as a matter of precedent even, if it is not an insuperable legal objection, I think I should not sanction the election of such a committee. Further, the form prescribed by the justices of the supreme court requires the affidavit of the bankrupt, that creditors holding three-fourths of all the debts proven have signed the appointment of trustees, and in this case the certificate of the register is presented, and that only goes to those of the creditors present or represented at the meet-

ing. This is, to be sure, only a formal objection, which could be obviated by producing the affidavit now, but the formation of the committee is one of substance, and I must, therefore, decline the arrangement."